(86 App. Div. 217.)

## LAWSON v. LINCOLN et al.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. SCHOOLS AND SCHOOL DISTRICTS—ERECTION OF NEW BUILDINGS—NOTICE OF SPECIAL MEETING—SUFFICIENCY.

A notice of a special meeting of the inhabitants of a school district stated that its purpose was to consider the erection of a new school building in district No. 5, in conformity with the recommendation of the board, published with the notice. The recommendation stated that a new site had been selected subject to the approval of the meeting, describing it; and that, to purchase the site and erect the building, the entire cost, with furnishings, would be $35,000; and the board proposed the issuing of bonds therefor, in blocks of $5,000, to mature in 14, 15, 16, 17, 18, 19, 20 years, respectively. *Held*, that the notice and recommendation, construed together, were a sufficient compliance with the provisions of the consolidated school law, requiring the notice to state the tax proposed, and specify the amount and object thereof.

2. SAME—SPECIFIC DIRECTIONS FROM INHABITANTS—NECESSITY.

It is not necessary for the meeting of the inhabitants to give any specific directions regarding the erection of the building.

3. SAME—ENJOINING CONSTRUCTION OF BUILDINGS—TECHNICAL OBJECTIONS.

Equity will not enjoin the members of a board of education from purchasing a site and erecting a school building thereon, where no bad faith is alleged, and the public are in no way injured, and the basis of the action is merely that all the technical legal formalities have not been strictly complied with.

Appeal from Special Term, Chautauqua County.

Action by Andrew J. Lawson against Julius Lincoln and others. From a judgment in favor of defendants, and from an order for an extra allowance of costs made at Special Term, plaintiff appeals. Judgment affirmed; order reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Pickard & Dean, for appellant.

Green & Woodbury and Harry R. Lewis, for respondents.

WILLIAMS, J. The judgment should be affirmed, with costs; the order reversed, with $10 costs.

The action was brought to enjoin the defendants from purchasing a site and erecting thereon a school building, and raising the money by the issue and sale of bonds, and tax upon the school district, to pay the same. The action is by a taxpayer, under chapter 301, p. 620, Laws 1892, and is based solely upon the ground that the acts sought to be enjoined are illegal. No bad faith, fraud, corruption, waste, or extravagance is alleged, nor is it claimed that the best interests of the school district and its inhabitants are not being subserved. The objections raised are merely technical: that the law has not been strictly complied with in every step taken by the board of education. Under such circumstances a court of equity will not struggle to find a way to set aside what has been done, and to enjoin the continuance and completion of the project of furnishing the school district with a new and needed school building.

A special meeting of the inhabitants of the school district was held June 17, 1902, at which resolutions were passed designed to authorize the board of education to purchase the site and erect the building, and raise the money to pay for the same by the issue of bonds and by taxation. This special meeting was called and action taken under section 9, and subdivision 2 of section 13, of title 8 of the Consolidated School Law (chapter 556, pp. 1249, 1253, Laws 1894), which provided, among other things, that boards of education in districts where districts correspond with those of a city have power to call special meetings of the inhabitants of their respective districts for the purpose of authorizing the purchase of sites and the erection of school buildings and the raising of money to pay for the same, but notice by the board of education stating that such tax will be proposed, and the amount and object thereof, shall be published in the newspapers as therein provided. The notice of such special meeting, as published, was dated May 17, 1902, and stated that the purpose was to take into consideration the erection of a new school building in district No. 5, in conformity with the recommendation of the board, published with the notice; and then the recommendation stated that a new site had been selected, subject to the approval of the meeting, describing it; and that, to purchase the site and erect the building, the entire cost, with furnishings, would be $35,000, and the board proposed the issuing of bonds therefor, in blocks of $5,000, to mature in 14, 15, 16, 17, 18, 19, 20 years, respectively. The notice was signed by the president and secretary of the board; the recommendation by all the seven members of the board. The notice was addressed to no body of voters; the recommendation was addressed to the school voters of Jamestown. The notice could only be given by the board, and it recited that it was given pursuant to its order. The project had been under consideration for some time, as shown by the minutes of the board. Some action was taken at a special meeting held May 14, 1902, but one member was not then present. Subsequently, and May 17, 1902, there was a full attendance of the members of the board, and then the statement or recommendation was ordered appended to the formal call or notice, and published. The minutes of these two

meetings were not as formal, did not show as formal action, as they might have done; but there can be no doubt, upon all the evidence in the case, that the publication of the notice and the recommendation had the assent of the board—that they were published by its order. They all acted under it in holding the special meeting in pursuance thereto, and acted under the authority given by the resolution passed at such meeting. The plaintiff had the burden of showing that there was no authority of the board for the publication of the notice and recommendation, and has failed to make such proof. Counsel has argued all sorts of technical objection, but really there can be no doubt that the board authorized publication. The notice and recommendation, taken together, are a sufficient compliance with the statute requiring the notice to state the tax proposed, and specify the amount and object thereof. The statute is general. The tax proposed here was $35,000; the object was the purchase of a site, and the erection of a school building and furnishing the same. The statute does not require the items to be separately stated.

At the special meeting a resolution was adopted directing a purchase of the site proposed for a sum not exceeding $4,900, and taking deeds of the same. A resolution was also adopted directing the school building to be erected on the site so purchased, and a resolution was adopted that $35,000 be raised by bond and tax to pay for the site and building. The resolution as to the erection of the building was general. There was no description given as to the size or shape of the building. No plans or specifications were referred to. All these things were left to the discretion of the board. The statute is general; it does not require the meeting of the inhabitants to give any specific directions upon the subject. Pursuant to the directions so given, the board of education purchased the site, and took deeds thereof. October 6, 1902, they made a contract with the defendant Swanson, a contractor and builder of Jamestown, to erect the school building, on the site purchased, for $26,570. The contractor gave his bond pursuant to the contract, and soon after this action was commenced.

The trial court correctly disposed of the case. Equity will not interfere in a case of this kind, where no bad faith or wrong is alleged, and the public are in no way injured, and where the basis of the action is merely that all the technical, legal formalities have not been strictly complied with. When there has been a substantial compliance with the statute and forms of law, and the public interests are not suffering, the board of education will not be enjoined from proceeding with and completing the public improvement undertaken, and which the public needs demand.

We do not think this was a proper case for the granting of an extra allowance of costs. The judgment should be modified by deducting the amount of the extra allowance, and affirmed, with costs, and the order should be reversed, with $10 costs. All concur.