It remains to be seen therefore, whether the present plaintiffs are saved by section 396. According to the settled construction of section 396 the plaintiffs in any event have the period fixed as the general limitation for this particular class of action, and also five years additional in case the disability so long continue, but in any event only one year additional after the disability ceases. Dunham v. Sage, 52 N. Y. 229; Acker v. Acker, 81 N. Y. 143; Hyland v. N. Y. C. & H. R. R. Co., 24 App. Div. 420, 48 N. Y. Supp. 416; Jagau v. Goetz, 11 Misc. Rep. 384, 32 N. Y. Supp. 144. A similar rule of construction has been applied to section 375. Applying this rule to the plaintiff John J. O'Donohue, it appears that his ten-year period expired May 20, 1905, which, being more than one year after his disability ceased, is not further extended. Similarly, in the cases of the plaintiff Kelly and the plaintiff Thomas J. O'Donohue, the date of the expiration of the ten-year period, namely, May 20, 1905, is more than one year after their disability ceased, and therefore their periods are not further extended. It follows, therefore, that the plaintiffs in these three actions are barred by the statute of limitations.

I have reached this conclusion with much reluctance and, I confess, inability to reconcile it with some of the language used in Howell v. Leavitt, 95 N. Y. 617. Section 1638, which refers to actions to compel the determination of a claim to real property, and, consequently, governs the present cases, requires as an element of the plaintiffs' right to sue in this form of action that they "have been for one year in possession of real property." The complaints herein are defective by reason of the absence of this allegation. It follows, accordingly, that the complaints herein must be dismissed on the ground that they fail to state a cause of action.

Ordered accordingly.

(57 Misc. Rep. 472.)

UNION FREE SCHOOL DIST. NO. 4, TOWN OF ORANGETOWN, ROCK-LAND COUNTY, v. GREAR et al.

EDWARDS v. BOARD OF EDUCATION OF UNION FREE SCHOOL DIST. NO. 4, TOWN OF ORANGETOWN, ROCKLAND COUNTY, et al.

(Supreme Court, Special Term, Westchester County. January, 1908.)

SCHOOLS AND SCHOOL DISTRICTS—REPAIRS OF BUILDING.

    The voters of a school district authorized the board of education to enlarge the school building at a cost not to exceed a certain sum, to be raised by tax. *Held*, that the board could not contract for alterations, at a cost of more than one-third the entire sum, which were so extensive as to constitute a remodeling of the entire interior of the existing building.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Schools and School Districts, § 188.]

Action by Union free school district No. 4, town of Orangetown, Rockland county, against Paulinus L. Grear and others, and action by William S. Edwards against the board of education of Union free school district No. 4, town of Orangetown, Rockland county, and others. Judgments for plaintiff in each case.

J. Du Pratt White, for plaintiff school district.
George A. Wyre, for plaintiff Edwards.
Charles S. MacKenzie, for defendants Grear and Joralemon.

MILLS, J. The above two actions involve substantially the same questions and by stipulation of counsel were tried together at Special Term. It is conceded by all parties that the only authority of the board of education to do the work which it has undertaken to do, and to raise money therefor by levying a tax and issuing bonds, is the resolution passed by the special meeting of the voters of the school district held April 11, 1907, by virtue of the power conferred by section 10 of the consolidated school law (Laws 1894, p. 1251, c. 556). Said resolution reads as follows:

"Resolved, that the board of education * * * be and it is hereby authorized to erect an addition to the present school building on Depew avenue * * * at a cost of not to exceed $75,000, and that to pay for the cost of said addition * * * the sum of $75,000 be raised by tax," etc.

Under the authority conferred by such resolution the board of education has undertaken to enter into contracts for the expenditure of a few hundred dollars more than the entire sum of $75,000 appropriated in constructing an addition to the present schoolhouse and in making alterations in the same. Such alterations provided for by the contracts amount in cost to approximately $30,000, or more than one-third of the total appropriation, and are so extensive and radical in their nature as to constitute a substantial remodeling of the entire interior of the present school building. The sole question presented for determination here is this: Has the board, under such resolution, the power to make such alterations and to expend therefor a substantial portion of the appropriation made by the resolution?

After careful examination of the very complete briefs submitted, and consideration of the matter, I am reluctantly convinced that the board has no such power. The authority given by the resolution was merely "to erect an addition to the present school building." It did not include the making of substantial alterations of such large proportionate cost in the present building, although it might be held to include alterations therein, incidentally necessary to connect the addition with the old building, so that the same might be used therewith. It seems to me that in equity, as well as in exact right, the voters of the district are entitled to vote upon the proposition to so substantially alter the existing building at such very considerable cost.

The case of Lawson v. Lincoln, 86 App. Div. 217, 83 N. Y. Supp. 667, cited and relied upon by the defendants, does not appear to me to sustain their contention that the resolution of April 11, 1907, should or can be held to have authorized such alterations in the present building. The claim in that case was that because certain plans of a proposed building were submitted by the board of education to the district meeting, the board, in afterwards constructing the building, were limited to those plans, although the resolution passed at the meeting was in perfectly general terms, viz., "to erect and furnish a new school building." The courts in that case held that such reso-

lution authorized the board to construct the building in any manner they might subsequently decide, and did not restrict them to the plans accepted at the district meeting. That case is authority here for the proposition that if the board of education exhibited the Emery plans at the district meeting as the plans of the addition which they asked authority to build, still, as the resolution passed was in general terms —i. e. "to erect an addition"—the board, in exercising the authority conferred, were not restricted to the Emery plans. That case, however, does not appear to me to be an authority for the proposition that the resolution of the district meeting in that case authorizing the construction of a new schoolhouse could have been held to authorize the alteration of the old schoolhouse, if such there were, and the expenditure in so doing of a substantial part of the appropriation.

The defendant contractors were bound to know the law, and, therefore, to know the statutory limitations upon the power of the board, and to see for themselves that the action of the board was within its powers. The contracts are entire, and are not separable, so that the work to be performed upon the addition can be severed from that to be performed in making the alterations, and the contract as to the former sustained and as to the latter alone held to be invalid.

I conclude, therefore, that the plaintiff has established his or its case. If, as claimed by the defendants, the action taken by the board in making the contracts is approved by a majority of the voters in the district, it will be an easy matter to call a special district meeting upon due notice and to pass there a proper resolution authorizing the doing of the work as proposed by these contracts and the raising of the necessary funds therefor.

The plaintiff in each case is therefore entitled to judgment substantially as demanded.

Judgments for plaintiff.