WILLIAM GORDON FRASER, Plaintiff, *v.* CITY OF BUFFALO and Others, Defendants.

Supreme Court, Erie County, January 28, 1925.

**Municipal corporations — taxpayer's action to restrain acceptance of irregular bid for city improvements — defendant's bid was for lump sum but less than next higher bid which was regular in form — irregularity in defendant's bid disregarded — temporary injunction discontinued.**

In a taxpayer's action to restrain the acceptance of an irregular bid for city improvements, the irregularity will be disregarded and a temporary injunction discontinued, where it appears that the specifications and advertised bids for the principal job and six minor jobs required that the bidders bid separately on each of the minor jobs; that the defendant bid a lump sum for the entire work which was nearly $3,000 less than the next higher bid; that no fraud or collusion of any kind is alleged in the complaint or in the moving papers, and that no damage to the city or to the plaintiff as a taxpayer is even suggested.

ORDER to show cause why the council of the city of Buffalo should not be restrained, *pendente lite*, from entering into contract with the defendant for city improvements.

*Bull, Roberts & Hart*, for the plaintiff.

*Frederic C. Rupp*, for the defendants City of Buffalo and Meahl.

*Frank J. Fitzpatrick*, for the defendant Shaddock.

CROSBY, J.:

This is an order to show cause why the council of the city of Buffalo should not be restrained, *pendente lite*, from entering into a contract with the defendant Shaddock for certain city improvements. The facts leading up to the city's threat to make the contract are briefly as follows:

The city got out a set of specifications for the principal job desired to be done, and advertised for bids, requiring that bidders bid not alone on the principal improvement, but that bidders also bid separately on each one of six minor jobs that were thought capable of performance advantageously, from an economic standpoint, with the main job, and by the same contractor. Bids were also required on the credit which bidders were willing to allow the city on certain usable materials to be torn out of the city property in the process of making the improvements.

The defendant made a bid, which can easily be construed, and by the city council was construed, as a lump bid for the main job, plus all six minor jobs, and which, so construed, was $2,673 less than the plaintiff's bid. But defendant's bid was in form irregular, in that it was not separated into bids on the main job and the six

minor jobs separately, required by the specifications, while the plaintiff's bid was regular in this respect. The city council seeks to take advantage of the saving that would result by letting the contract to the defendant Shaddock. The said defendant's bid was admittedly irregular in form, but the harm that usually threatens from such a situation does not threaten here. In most, if not all, the cases cited in plaintiff's brief, the courts restrained acceptance of the irregular bid because of the danger that the bidding contractor would be in a position to gather an advantage from the the irregularity of his bid, by claiming that he was required to do less work or furnish less materials than was intended by the specifications.

In the case at bar no such claim is made. The contract which the city has prepared and the defendant is willing to sign calls for the doing of the main job, and all six of the minor jobs, all with new materials, without using any of the second-hand stuff that is to be torn out. It cannot be disputed that acceptance of the irregular bid of the defendant will result in a saving to the city of $2,673. Furthermore, no fraud or collusion of any kind is alleged in the complaint or in the moving papers, or suggested in the argument on the motion, and no damage to the city or to the plaintiff as a taxpayer is alleged or suggested, except the damage resulting to his business from the acceptance of a bid considerably lower than his. Under this state of facts, the irregularity hereinbefore described may well be overlooked. The courts themselves frequently overlook irregularities not going to the merits. Why should not other departments of government do the same? (*Talcott* v. *City of Buffalo*, 125 N. Y. 280; *Lawson* v. *Lincoln*, 86 App. Div. 217, 218; *Nathan* v. *O'Brien*, 117 id. 664.)

It is true, of course, that courts should use their powers to prevent illegal action by the other departments of government, and should always condemn fraud, and even minor irregularities, where overlooking them would work damage. But courts should not substitute their discretion for that of other departments of government nor detract from the dignity and responsibility of other departments and agencies of government by interfering with them to correct immaterial irregularities innocently committed and harming no one. The harm to plaintiff in failing to secure the same contract at a higher price cannot be considered. Only the public welfare is to be considered. His action is a taxpayer's action, and as a taxpayer he is benefited rather than injured by the city's acceptance of a bid lower than his own. More harm will be committed than cured by continuing this temporary injunction.

The temporary injunction is discontinued, without costs.